1    DAVID R. EBERHART (S.B. #195474)
     deberhart@omm.com
2    O'MELVENY & MYERS LLP
     Two Embarcadero Center
3    28th Floor
     San Francisco, California 94111-3823
4    Telephone:    +1 415 984 8700
     Facsimile:    +1 415 984 8701
5
     SCOTT W. PINK (S.B. #122383)
6    spink@omm.com
     2765 Sand Hill Road
7    Menlo Park, California 94025-7019
     Telephone:    +1 650 473 2600
8    Facsimile:    +1 650 473 2601f

9    *Attorneys for Plaintiff Trader Joe's Company*

10

11                    **UNITED STATES DISTRICT COURT**
                   **NORTHERN DISTRICT OF CALIFORNIA**
12                      **SAN FRANCISCO DIVISION**

13   TRADER JOE'S COMPANY, a California        Case No. 3:23-cv-01148-CRB
     corporation,
14                                             **NOTICE OF *EX PARTE* MOTION FOR
                         Plaintiff,            PERMISSION TO EFFECT SERVICE OF
15                                             PROCESS BY ALTERNATIVE MEANS
          v.                                   AND EXTENSION OF TIME TO SERVE
16                                             DEFENDANT DESERTCART TRADING
     DESERTCART TRADING FZE, a United          FZE, AND MEMORANDUM OF POINTS
17   Arab Emirates company, PIFFERT INC., a    AND AUTHORITIES**
     Delaware corporation, and DOES 1-5,
18                                             Date:       June 16, 2023
                         Defendants.          Time:       10:00 a.m.
19                                             Judge:      Hon. Charles R. Breyer

20

21

22

23

24

25

26

27

28
                                                      *EX PARTE* MOT. FOR SERVICE
                                                       BY ALTERNATIVE MEANS
                                                          3:23-CV-01148-CRB

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that pursuant to Civ. L.R. 7-2 and/or Civ. L.R. 7-10, Plaintiff

3    Trader Joe's Company ("Trader Joe's") hereby moves *ex parte* for permission to serve the

4    summons and Complaint on Defendant DesertCart Trading FZE ("DesertCart") by alternative

5    means as authorized by Fed. R. Civ. P. 4(f)(3). The matter is being presented before United Stated

6    Senior District Judge Charles R. Breyer in Courtroom 6, located at 450 Golden Gate Avenue,

7    17th Floor, San Francisco, California 94102. Trader Joe's is available for a hearing if the Court

8    would like to hear oral argument on this motion.

9          Trader Joe's requests permission to effect service on DesertCart by email to

10   support@desertcart.com and legal@desertcart.com, which are DesertCart's known corporate and

11   legal email addresses, respectively. This motion is based upon this Notice of Motion and Motion,

12   the attached Memorandum of Points and Authorities, the Declarations of David R. Eberhart and

13   Scott W. Pink and the Exhibits attached thereto, the Court's files in this action, the arguments of

14   counsel, and any other matter the Court may properly consider.

15

16   Dated: June 7, 2023                              O'MELVENY & MYERS LLP

17

18                                                    By: */s/ David R. Eberhart*
                                                         David R. Eberhart
19                                                       Two Embarcadero Center
                                                         28th Floor
20                                                       San Francisco, California 94111-3823
                                                         Telephone:      +1 415 984 8700
21                                                       Facsimile:      +1 415 984 8701

22                                                       Scott W. Pink
                                                         2765 Sand Hill Road
23                                                       Menlo Park, California 94025-7019
                                                         Telephone:      +1 650 473 2600
24                                                       Facsimile:      +1 650 473 2601

25                                                       *Attorneys for Plaintiff*
                                                         *Trader Joe's Company*

26

27

28

*EX PARTE* MOT. FOR SERVICE
BY ALTERNATIVE MEANS
23-CV-01148-CRB

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...........................................................................................................3

II.   STATEMENT OF FACTS .........................................................................................3

    A.   Defendant DesertCart and Mr. Swaminathan .......................................................3

    B.   Defendant Piffert and Mr. Swaminathan ..............................................................5

    C.   Trader Joe's Investigation of DesertCart and Mr. Swaminathan and Unsuccessful Service
        Attempts.................................................................................................................5

III.  LEGAL STANDARD...................................................................................................7

IV.   ARGUMENT ................................................................................................................8

    A.   No International Agreement Bars Service By Email On DesertCart..................................9

    B.   Service by Email Is "Reasonably Calculated to Provide Actual Notice" to DesertCart. ......9

V.    CONCLUSION............................................................................................................11

*EX PARTE* MOT. FOR SERVICE
BY ALTERNATIVE MEANS
23-CV-01148-CRB

**Cases**

*ADT Sec. Servs., Inc. v. Sec. One Int'l, Inc.*,
    2012 WL 3580670 (N.D. Cal. Aug. 17, 2012)....................................................................... 9

*Bank Julius Baer & Co. Ltd v. Wikileaks*,
    2008 WL 413737 (N.D. Cal. Feb. 13, 2008) ...................................................................... 10

*Color Switch LLC v. Fortafy Games DMCC*,
    2018 WL 2298401 (E.D. Cal. May 21, 2018)........................................................................ 9

*craigslist, Inc. v. Troopal Strategies, Inc.*,
    (N.D. Cal. Nov. 24, 2010)................................................................................................... 10

*Facebook, Inc. v. Banana Ads*, LLC,
    2012 WL 1038752 (N.D. Cal. Mar. 27, 2012)............................................................. 8, 10, 11

*Facebook, Inc. v. Sahinturk*,
    2021 WL 4295309 (N.D. Cal. Sept. 21, 2021) ............................................................ 9, 10, 11

*Facebook, Inc. v. Trabi*,
    2021 WL 4942678 (N.D. Cal. May 3, 2021) ................................................................ 9, 10, 11

*Goes Int'l, AB v. Dodur Ltd.*,
    2015 WL 1743393 (N.D. Cal. Apr. 16, 2015) ..................................................................... 10

*GSV Futures LLC v. Casmain L.P.*,
    2022 WL 16856361 (N.D. Cal. Nov. 10, 2022)................................................................... 10

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950)............................................................................................................... 8

*Nabulsi v. H.H. Sheikh Issa Bin Zayed Al Nahyan*,
    2007 WL 2964817 (S.D. Tex. Oct. 9, 2007)......................................................................... 9

*Orsi v. Sheik Falah Bin Zayed Bin Sultan Al-Nahyan*,
    2012 WL 4469120 (Dist. Mass. Sept. 25, 2012)................................................................... 9

*Rio Properties, Inc. v. Rio Int'l Interlin*k,
    284 F.3d 1007 (9th Cir. 2002)........................................................................................ 7, 8, 9

*Williams-Sonoma Inc. v. Friendfinder, Inc.*,
    2007 WL 1140639 (N.D. Cal. Apr. 17, 2007) ..................................................................... 10

*Zoho Corp. v. Target Integration, Inc.*,
    2023 WL 2837676 (N.D. Cal. Apr. 7, 2023) ..................................................................... 8, 9

**Rules**

Cal. Civ. Code § 413.30................................................................................................................ 8

*EX PARTE* MOT. FOR SERVICE
BY ALTERNATIVE MEANS
23-CV-01148-CRB

Fed. R. Civ. P. 4(e)(1) ............................................................................................................. 7, 8

Fed. R. Civ. P. 4(f)(3) ................................................................................................................. 3

Fed. R. Civ. P. 4(h)(2) ................................................................................................................ 7

Fed. R. Civ. P. 4(m) ................................................................................................................... 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.     INTRODUCTION

Trader Joe's respectfully seeks an order permitting alternative service of the summons and Complaint on Defendant DesertCart by email, because (1) Trader Joe's has exhausted substantial resources investigating and attempting service by conventional means on DesertCart and its CEO, Rahul Swaminathan, without success; (2) Trader Joe's and DesertCart have already communicated by email, rendering email the most reasonably calculated means to provide notice of the suit to DesertCart; and (3) email service is not prohibited by any relevant international agreement because the United Arab Emirates (the "UAE") is not a party to The Hague Service Convention or any other treaty related to service of process.

Trader Joe's has served Defendant Piffert Inc. ("Piffert"), but Trader Joe's inability to effect service on DesertCart, despite its diligent efforts to ascertain the whereabouts of Mr. Swaminathan, is materially impeding the progress of this litigation and causing ongoing harm to Trader Joe's. Thus, pursuant to Fed. R. Civ. P. 4(f)(3), Trader Joe's respectfully requests authorization from the Court to serve the summons and complaint on DesertCart by email to support@desertcart.com and legal@desertcart.com, which are DesertCart's known corporate and legal email addresses, respectively. The facts of this case warrant an exercise of such authority.

## II.     STATEMENT OF FACTS

### A.     Defendant DesertCart and Mr. Swaminathan

DesertCart operates several websites, including <https://www.desertcart.us/>; <https://www.ar-aedesertcart.com/>; <https://www.desertcart.co/> ; and <https://www.desertcart.sc/> (the "Websites"). Declaration of David R. Eberhart ("Eberhart Decl.") ¶ 3. On the Websites, DesertCart offers hundreds of Trader Joe's products for sale and delivery. Eberhart Decl. ¶ 4, Exhibit ("Ex.") A. The Trader Joe's products offered for sale on the Websites are promoted using Trader Joe's trademarks without Trader Joe's authorization to do so. Eberhart Decl. ¶ 5. Trader Joe's does not authorize any third parties to sell or deliver its products online. Eberhart Decl. ¶ 5.

*EX PARTE* MOT. FOR SERVICE
BY ALTERNATIVE MEANS
23-CV-01148-CRB

1    DesertCart is an entity based in the UAE. Dkt. 1 ¶ 10. DesertCart does not identify a

2    physical contact address on the Websites; instead DesertCart directs users to contact DesertCart

3    by email at support@desertcart.com, phone, and live chat. Eberhart Decl. ¶ 6, Ex. B. Its CEO is

4    Rahul Swaminathan. Dkt. 1 ¶ 11. The web domain for its primary website,

5    <https://www.desertcart.us/>, is registered to Rahul Swaminathan. Eberhart Decl. ¶ 7, Ex. C.

6    On July 18, 2022, and August 22, 2022, Trader Joe's sent letters to DesertCart by email to

7    support@desertcart.com demanding it cease and desist its infringement of Trader Joe's

8    trademarks. Dkt. 1, ¶¶ 39-41; Eberhart Decl. ¶ 8. DesertCart never responded to these letters.

9    Eberhart Decl. ¶ 8.

10    On December 17, 2022, Trader Joe's sent another cease and desist letter to DesertCart by

11    email to support@desertcart.com. Eberhart Decl. ¶ 9, Ex. D at pp. 3-4; Ex. E. This letter informed

12    DesertCart that Trader Joe's intended to sue DesertCart in this Court and enclosed a draft copy of

13    the Complaint. Eberhart Decl. ¶ 9, Ex. E.

14    On December 20, 2022, DesertCart responded from support@desertcart.com,

15    acknowledging Trader Joe's claims of trademark infringement and its receipt of Trader Joe's

16    letter enclosing the Complaint, and stating: "We'd like to help you further, please send an email to

17    our legal department for any legitimate legal claims to our legal department [*sic*] at

18    legal@desertcart.com." Eberhart Decl. ¶ 10, Ex. Ex. D at pp. 2-3.

19    Later on December 20, 2022, Trader Joe's sent the demand letter enclosing the Complaint

20    to DesertCart at legal@desertcart.com per DesertCart's instructions. Eberhart Decl. ¶ 11, Ex. D at

21    pp. 11-2. DesertCart never responded to this email. Eberhart Decl. ¶ 11.

22    On January 19, 2023, Trader Joe's again sent the demand letter enclosing the Complaint

23    to DesertCart at legal@desertcart.com. Eberhart Decl. ¶ 12, Ex. D at p. 1. DesertCart never

24    responded to this email. Eberhart Decl. ¶ 12.

25    None of the emails Trader Joe's sent to support@desertcart.com and

26    legal@desertcart.com resulted in a bounce-back message or other indication that the emails had

27    not been delivered. Eberhart Decl. ¶ 13.

28

*EX PARTE* MOT. FOR SERVICE
BY ALTERNATIVE MEANS
23-CV-01148-CRB

**B.     Defendant Piffert and Mr. Swaminathan**

Piffert operates DesertCart's United States distribution facilities in Delaware and New Hampshire. Dkt. 1 ¶ 11. Piffert was incorporated in Delaware in 2014, the same year DesertCart was founded. Eberhart Decl. ¶ 14, Ex. F. Piffert's registered office address is at 63 Pleasant Street, Concord, NH 03302. Eberhart Decl., Ex. F. Piffert's registered business purpose is "packaging and shipping." Eberhart Decl., Ex. F.

Along with serving as CEO of DesertCart, Mr. Swaminathan is also president and director of Piffert. Eberhart Decl., Ex. F. Piffert's "notification email" is identified as rahul@swaminathan.com, and its "business email" is identified as rahul@piffert.com. Eberhart Decl., Ex. F.

On March 17, 2023, Trader Joe's served the summons and Complaint on Piffert at 63 Pleasant Street, Concord, NH 03302. Dkt. 8.

**C.     Trader Joe's Investigation of DesertCart and Mr. Swaminathan and Unsuccessful Service Attempts**

Trader Joe's counsel ascertained a business address for Mr. Swaminathan through its investigation of Piffert's corporate filings that identify him as Piffert's president and director. Eberhart Decl. ¶ 14, Ex. F. This address is 19 Lukens Drive Suite 300, New Castle, DE 19720. Eberhart Decl., Ex. F.

On March 17, 2023, Trader Joe's attempted service on DesertCart by way of its CEO, Mr. Swaminathan, at this address. Eberhart Decl. ¶ 15. Service on Mr. Swaminathan at this address was unsuccessful. Eberhart Decl. ¶ 15. According to the business manager located at this address, Mr. Swaminathan does not live in the state and does not come into the office located at this address. Eberhart Decl. ¶ 15, Ex. G.

On March 23, 2023, Trader Joe's counsel ran investigation reports on Mr. Swaminathan using the investigation services SkopeNow, Accurint, and idiCore. Eberhart Decl. ¶ 16.

According to the SkopeNow report, Mr. Swaminathan's current address is at Harvey Mudd College, 301 Platt Blvd, Claremont, CA 91711. Eberhart Decl., Ex. H. On March 24, 2023, Trader Joe's attempted service on DesertCart by way of its CEO, Mr. Swaminathan, at this

*EX PARTE* MOT. FOR SERVICE
BY ALTERNATIVE MEANS
23-CV-01148-CRB

1  address. Eberhart Decl. ¶ 17. Service on Mr. Swaminathan at this address was unsuccessful.

2  Eberhart Decl. ¶ 17. According to Harvey Mudd College's human resources representative, Mr.

3  Swaminathan is a current student and lives on campus, but Harvey Mudd College was not

4  allowed to advise where on campus he lives. Eberhart Decl., Ex. K.

5       According to the Accurint and idiCore reports, Mr. Swaminathan's current address is 1

6  Industrial Park Dr Unit 9, Pelham, NH 03076. Eberhart Decl., Ex. I. This address was also

7  identified on Piffert's corporate filings as Piffert's principal office space. Eberhart Decl., Ex. F.

8  On March 24, 2023, Trader Joe's attempted service on DesertCart by way of its CEO, Mr.

9  Swaminathan, at this address. Eberhart Decl. ¶ 17. Service on Mr. Swaminathan at this address

10 was unsuccessful. Eberhart Decl. ¶ 17. This address is the site of an industrial warehouse.

11 Eberhart Decl., Ex. K. The warehouse office was empty. Eberhart Decl., Ex. K. According to a

12 neighbor of this building, this warehouse office is not used. Eberhart Decl., Ex. K.

13      According to the Accurint report, Mr. Swaminathan's other current address is at 340 S

14 Lemon Avenue, Apartment #1038, Walnut, CA 91789. Eberhart Decl., Exs. I, J. On March 24,

15 2023, Trader Joe's attempted service on DesertCart by way of its CEO, Mr. Swaminathan, at this

16 address. Eberhart Decl. ¶ 17. Service on Mr. Swaminathan at this address was unsuccessful.

17 Eberhart Decl. ¶ 17. This address is the site of a virtual mailbox service called Virtual Post Mail.

18 Eberhart Decl., Ex. K. According to Virtual Post Mail's representative, neither Mr. Swaminathan

19 nor DesertCart has a virtual mailbox account there. Eberhart Decl., Ex. K.

20      On April 18, 2023, Trader Joe's hired a private investigator to determine Mr.

21 Swaminathan's current address. Eberhart Decl. ¶ 18.

22      On April 18, 2023, the investigator conducted independent research to determine the

23 likely addresses of DesertCart and its CEO, Mr. Swaminathan. Eberhart Decl. ¶ 19, Ex. L. The

24 investigator's results matched those identified in the SkopeNow, Accurint, and idiCore searches

25 conducted by Trader Joe's counsel. Eberhart Decl., Ex. L.

26      On April 21, 2023, the investigator revisited Harvey Mudd College, and made numerous

27 inquiries among residents of the surrounding area regarding Mr. Swaminathan. Eberhart Decl.,

28

*EX PARTE* MOT. FOR SERVICE
BY ALTERNATIVE MEANS
23-CV-01148-CRB

1   Ex. L. The investigator determined that Mr. Swaminathan is not a current student at Harvey

2   Mudd College and does not reside in that area. Eberhart Decl., Ex. L.

3        On April 27, 2023, the investigator the revisited 340 S Lemon Avenue, Walnut, CA

4   91789, and made numerous inquiries among residents of the surrounding area regarding

5   DesertCart and Mr. Swaminathan. Eberhart Decl. ¶ 20, Ex. M. The investigator determined that

6   Mr. Swaminathan does not reside in that area. Eberhart Decl., Ex. M.

7        Trader Joe's counsel has requested contact information for DesertCart from Piffert and its

8   counsel. Declaration of Scott W. Pink ("Pink Decl.") ¶¶ 3-4. To date, Piffert has refused to

9   provide any such information. Pink Decl. ¶ 3-4. Trader Joe's current deadline to effect service of

10  the summons and Complaint on DesertCart by ordinary means is June 12, 2023. Fed. R. Civ. P.

11  4(m).

12  **III.    LEGAL STANDARD**

13       Federal Rule of Civil Procedure 4(h)(2) permits service of corporations in a foreign

14  country "in any manner prescribed by Rule 4(f) for serving an individual, except personal

15  delivery." Under Rule 4(f)(3), "[u]nless federal law provides otherwise, an individual . . . may be

16  served at a place not within any judicial district of the United States . . . by other means not

17  prohibited by international agreement, as the court orders." Trial courts may permit service on

18  international defendants using means such as publication, ordinary mail, mail to the defendant's

19  last known address, delivery to the defendant's attorney, and email. *See Rio Properties, Inc. v.*

20  *Rio Int'l Interlin*k, 284 F.3d 1007, 1016 (9th Cir. 2002) (citing cases). Rule 4(f) requires only that

21  service be directed by the Court and not prohibited by international agreement, and the Rule does

22  not require that other means of service be attempted first. *Id.* at 1014. Alternative service under

23  Rule 4(f)(3) is thus neither a "last resort" nor "extraordinary relief"; rather, it is "merely one

24  means among several which enables service of process on an international defendant." *Id.* at 1015

25  (citation omitted).

26       Federal Rule of Civil Procedure 4(e)(1) provides that "an individual ... may be served in a

27  judicial district of the United States by: following state law for serving a summons in an action

28

*EX PARTE* MOT. FOR SERVICE
BY ALTERNATIVE MEANS
23-CV-01148-CRB

1    brought in courts of general jurisdiction in the state where the district court is located or where

2    service is made." Fed. R. Civ. P. 4(e)(1). Because this Court is located in California, it may

3    authorize service of process in conformity with California law. Section 413.30 of the California

4    Code of Civil Procedure provides that "[w]here no provision is made in this chapter or other law

5    for the service of summons, the court in which the action is pending may direct that summons be

6    served in a manner which is reasonably calculated to give actual notice to the party to be served

7    and that proof of such service be made as prescribed by the court." Cal. Civ. Code § 413.30.

8           Under both Federal and California rules, alternative service must comport with

9    Constitutional due process. *Rio Properties*, 284 F.3d at 1016. "To meet this requirement, the

10   method of service crafted by the district court must be 'reasonably calculated, under all the

11   circumstances, to apprise interested parties of the pendency of the action and afford them an

12   opportunity to present their objections.'" *Id.* at 1016–17 (quoting *Mullane v. Cent. Hanover Bank*

13   *& Trust Co.*, 339 U.S. 306, 314 (1950)). The Ninth Circuit has approved service on foreign and

14   domestic defendants by email pursuant to Rule 4(f)(3) where the defendants were either

15   unreachable by other means or had no known physical address. *Facebook, Inc. v. Banana Ads*,

16   LLC, No. C-11-3619 YGR, 2012 WL 1038752, at *1 (N.D. Cal. Mar. 27, 2012) (citing *Rio*

17   *Properties*, 284 F.3d at 1016).

18   **IV.     ARGUMENT**

19          To determine whether the Court should allow alternative service by email, the Court must

20   determine that: (1) service by email is not barred by an international agreement; and (2) service

21   by email is "reasonably calculated to provide actual notice" to the defendant. *Facebook*, 2012 WL

22   1038752, at *1; *Zoho Corp. v. Target Integration, Inc.*, No. 23-CV-00054-SI, 2023 WL 2837676,

23   at *2 (N.D. Cal. Apr. 7, 2023) (both citing *Rio Properties*, 284 F.3d at 1014). Because no

24   international agreement bars service of process on DesertCart by email, and because email is the

25   method most likely to apprise DesertCart of this action, authorizing service by email on

26   DesertCart is appropriate here.

27

28

*EX PARTE* MOT. FOR SERVICE
BY ALTERNATIVE MEANS
23-CV-01148-CRB

1       **A.      No International Agreement Bars Service By Email On DesertCart.**

2           DesertCart is based in the UAE and organized under the laws of the UAE. Dkt. 1, ¶ 10.

3   The UAE is "not a party to The Hague Service Convention or any other treaty related to service

4   of process." *Color Switch LLC v. Fortafy Games DMCC*, No. 1:18-CV-0419-DAD-JLT, 2018

5   WL 2298401, at *3 (E.D. Cal. May 21, 2018) (citation omitted); *see also Orsi v. Sheik Falah Bin*

6   *Zayed Bin Sultan Al-Nahyan*, 2012 WL 4469120 at *2 (Dist. Mass. Sept. 25, 2012) (noting "the

7   United Arab Emirates ... is not a party" to the Hague Convention and the court was "not aware of

8   any other agreement on service of process between the United States and the UAE"); *Nabulsi v.*

9   *H.H. Sheikh Issa Bin Zayed Al Nahyan*, 2007 WL 2964817 at *4 (S.D. Tex. Oct. 9, 2007)

10  (observing the UAE was not a party to the Hague convention). Thus, Trader Joe's needs "only to

11  obtain permission from the Court" to serve DesertCart by email. *Color Switch*, 2018 WL 2298401

12  at *3-*4 (granting motion to serve UAE-based defendant by email); *see also Facebook, Inc. v.*

13  *Trabi*, No. 20-CV-07348-SK, 2021 WL 4942678, at *1 (N.D. Cal. May 3, 2021) (same).

14      **B.      Service by Email Is "Reasonably Calculated to Provide Actual Notice" to
                  DesertCart.**

15

16          To comport with due process, alternate service of process must be "reasonably calculated

    to apprise interested parties of the pendency of the action and afford them an opportunity to
17
    present their objections." *Rio Props.*, 284 F.3d at 1016. Courts in this District routinely grant
18
    requests to effect service on foreign defendants by email where, as here, the foreign defendant:
19
    (1) does business on the internet; (2) relies on electronic communications to operate its business;
20
    (3) does not provide a physical address, or provides a physical address that is unsuitable for
21
    service; (4) has already communicated with the plaintiffs by email; and/or (5) evades personal
22
    service or makes personal service difficult. *See, e.g.*, *Trabi*, 2021 WL 4942678 at *2 (granting
23
    plaintiff's motion to serve defendants located in the UAE by email); *Zoho*, 2023 WL 2837676, at
24
    *5 (granting motion to serve foreign and domestic defendants by email); *ADT Sec. Servs., Inc. v.*
25
    *Sec. One Int'l, Inc.*, No. 11-CV-05149 YGR, 2012 WL 3580670, at *2 (N.D. Cal. Aug. 17, 2012);
26
    *Facebook, Inc. v. Sahinturk*, No. 20-CV-08153-JSC, 2021 WL 4295309, at *2 (N.D. Cal. Sept.
27
    21, 2021) (authorizing email service); *Goes Int'l, AB v. Dodur Ltd.*, No. 14-CV-5666 LB, 2015
28

*EX PARTE* MOT. FOR SERVICE
                                          BY ALTERNATIVE MEANS
                                          23-CV-01148-CRB

1    WL 1743393, at *3 (N.D. Cal. Apr. 16, 2015) (same); *craigslist, Inc. v. Troopal Strategies, Inc.*,

2    No. 5:09-cv-04741-JW at 2 (N.D. Cal. Nov. 24, 2010) ("Here, service by email is reasonably

3    calculated to provide actual notice to [Panamanian corporate defendant] because it regularly

4    utilizes email in operating its business."); *Bank Julius Baer & Co. Ltd v. Wikileaks*, 2008 WL

5    413737, at *2 (N.D. Cal. Feb. 13, 2008) (authorizing email service); *Williams-Sonoma Inc. v.*

6    *Friendfinder, Inc.*, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (same); *GSV Futures LLC*

7    *v. Casmain L.P.*, No. 22-CV-05449-LB, 2022 WL 16856361, at *3 (N.D. Cal. Nov. 10, 2022)

8    (authorizing email service and collecting additional cases).

9            *Facebook, Inc. v. Banana Ads, LLC*, 2012 WL 1038752; *Facebook, Inc. v. Trabi*, 2021

10   WL 4942678; and *Facebook, Inc. v. Sahinturk*, 2021 WL 4295309, are instructive. In *Banana*

11   *Ads*, Facebook sued foreign and domestic defendants whose online activities violated Facebook's

12   trademark rights. 2012 WL 1038752 at *1. Facebook attempted to contact a group of these

13   defendants by postal mail, email, and telephone, and Facebook had attempted to serve them at

14   physical addresses that its investigation had indicated to be connected with these defendants. *Id.*

15   at *1-*2. But none of its attempts was successful, and Facebook moved for alternative service by

16   email. *Id.* The court held that email service comported with due process because these defendants

17   relied on electronic communications to operate their businesses and maintained valid email

18   addresses, and Facebook had "demonstrated that it has made attempts to serve [them] at physical

19   addresses that proved unsuitable for service." *Id.* at *2. For these reasons, and because no

20   international agreement prohibited service by email, the court authorized service by email. *Id.*

21           Similarly, in *Trabi*, Facebook sued two residents of the UAE but was unable to determine

22   their addresses for service. 2021 WL 4942678 at *1. On Facebook's motion for alternative

23   service, the court authorized service by email because Facebook had communicated with them by

24   email before the lawsuit was filed and, although the defendants had stopped responding to

25   Facebook after the suit was filed, "neither of the emails were returned or bounced-back." *Id.*

26   Thus, the court held that email was reasonably calculated to provide actual notice to them. *Id.* at

27   *1-*2.

28

*EX PARTE* MOT. FOR SERVICE
BY ALTERNATIVE MEANS
23-CV-01148-CRB

1    Finally, in *Sahinturk*, Facebook sued an individual residing in Turkey whose websites

2    infringed Facebook's trademarks. 2021 WL 4295309 at *1. Facebook had communicated with

3    this defendant once by email at the email address registered to the infringing websites, but the

4    defendant later stopped responding to Facebook's email requests. *Id.* Then, Facebook's

5    investigative team researched business registrations and public records for other businesses

6    associated with this defendant, but the investigation did not yield a suitable physical address for

7    service. *Id.* at *2. Facebook then moved the court to authorize email service, which the court

8    granted because Facebook had demonstrated that the email used to register the infringing

9    websites was a real email address that the defendant used, and because Facebook was unable to

10   determine his physical address despite having conducted an investigation. *Id.* at *2-*3.

11   Here, like Facebook did with the defendants in *Banana Ads*, *Trabi*, and *Sahinturk*, Trader

12   Joe's has already established communication with DesertCart at a real and valid email address.

13   Furthermore, as in *Sahinturk*, 2021 WL 4295309 at *1, Trader Joe's has conducted a thorough

14   investigation for a physical address to effect service on DesertCart through its CEO, Mr.

15   Swaminathan, to no avail. Like *Banana Ads*, 2012 WL 1038752 at *2, DesertCart is involved in

16   commercial internet activities, relies on electronic communications to operate its business, does

17   not publicly provide a valid physical address, and all of the physical addresses at which Trader

18   Joe's attempted to serve DesertCart have "proved unsuitable for service." And, as in *Trabi* 2021

19   WL 4942678 at *2, although DesertCart stopped responding to Trader Joe's email requests, the

20   emails sent to DesertCart's email addresses have not received bounce-back messages or any other

21   indication that Trader Joe's emails were not successfully delivered. For these reasons, Trader

22   Joe's has demonstrated that service by email is reasonably calculated to provide actual notice to

23   DesertCart, and the Court should grant this Motion.

24   **V.    CONCLUSION**

25   Trader Joe's has been unable to serve DesertCart despite diligent and substantial efforts to

26   ascertain a suitable address. DesertCart's evasiveness has interfered with the progress of this

27   litigation and imposed substantial costs on Trader Joe's. Trader Joe's has already communicated

28

-11-

1   with DesertCart at support@desertcart.com, and was instructed by DesertCart to submit further

2   legal correspondence to legal@desertcart.com. Thus, email communication to these email

3   addresses is the means most reasonably calculated to apprise DesertCart of the action and afford it

4   an opportunity to respond. No international agreement prohibits service on DesertCart by these

5   means. Courts in this District routinely authorize email service upon defendants in this

6   circumstance. For the foregoing reasons, Trader Joe's respectfully requests this Court grant its

7   motion for service by alternative means and authorize Trader Joe's to serve the summons and

8   Complaint on DesertCart by email to support@desertcart.com and legal@desertcart.com.

9

10   Dated: June 7, 2023                                    O'MELVENY & MYERS LLP

11

12                                                          By: /s/ David R. Eberhart

13                                                              David R. Eberhart
                                                                Two Embarcadero Center
14                                                              28th Floor
                                                                San Francisco, California 94111-3823
15                                                              Telephone:      +1 415 984 8700
                                                                Facsimile:      +1 415 984 8701
16
                                                                Scott W. Pink
17                                                              2765 Sand Hill Road
                                                                Menlo Park, California 94025-7019
18                                                              Telephone:      +1 650 473 2600
                                                                Facsimile:      +1 650 473 2601
19
                                                                *Attorneys for Plaintiff*
20                                                              *Trader Joe's Company*

21

22

23

24

25

26

27

28

*EX PARTE* MOT. FOR SERVICE
                                                     BY ALTERNATIVE MEANS
                                                     23-CV-01148-CRB