# EXHIBIT E



O'Melveny & Myers LLP                T: +1 415 984 8700                    File Number:
Two Embarcadero Center               F: +1 415 984 8701                    0872056-009
28th Floor                           omm.com
San Francisco, CA 94111-3823


December 16, 2022                                              **David R. Eberhart**
                                                              D: +1 415 984 8808
**VIA FEDERAL EXPRESS AND ELECTRONIC MAIL**                   deberhart@omm.com

Rahul Swaminathan
Co-Founder and CEO
DesertCart Trading
Phone: +971 4 524 5555
Email: support@desertcart.com

President and Director
Piffert Inc.
1 Industrial Park Dr., Unit 9
Pelham, NH 03076
Email: rahul@piffert.com; rahul@swaminathan.com

Re:    *Trader Joe's Company / DesertCart Trading*

Dear Mr. Swaminathan:

As set forth in our prior correspondence, we represent Trader Joe's in certain of its intellectual property matters. We sent prior correspondence on July 18, 2022 and August 22, 2022 notifying you that your companies' marketing and distribution of Trader Joe's products violates Trader Joe's Company, Inc. ("Trader Joe's") legal rights. You have twice missed deadlines to comply with the demands set forth in our prior correspondence. Despite the multiple opportunities we have given you to bring the website https://www.DesertCart.us (the "Website") into compliance with the law, the Website remains unchanged and your unauthorized use of Trader Joe's intellectual property remains ongoing. This is unacceptable.

**Trader Joe's is prepared to sue you in U.S. federal court.** Attached to this letter is a copy of the Complaint that will initiate litigation against you. Trader Joe's will seek money damages, injunctive relief, and attorneys' fees and costs against you in the maximum amounts allowed under the Lanham Act, the Copyright Act, state unfair competition statutes, and the common law to remedy your violations of Trader Joe's rights. *See* 15 U.S. Code § 1117(a); 17 U.S.C. §§ 101, *et seq.*; Cal. Bus. & Prof. Code §§ 17200 *et seq.* Because you have been on notice of Trader Joe's rights and continue to infringe them, your conduct constitutes willful infringement and renders you liable for enhanced penalties equal to <u>three times</u> your profits or Trader Joe's actual damages, whichever is greater, together with the attorneys' fees and costs Trader Joe's incurred bringing suit against you. 15 U.S. Code § 1117(b).



**We urge you to appreciate the seriousness of this situation and bring the Website into compliance.** To avoid further harm to Trader Joe's, you must immediately comply with the demands set forth below:

1.  Cease and desist from marketing Trader Joe's products for sale on the Website and from distributing or selling any Trader Joe's products to customers or third-party re-sellers in the future;

2.  Remove all references to Trader Joe's, the TRADER JOE'S trademarks and trade dress, and Trader Joe's copyrighted images from the Website and any associated websites, mobile applications, or social media pages; and

3.  Refrain from using the TRADER JOE'S trademarks, retail trade dress images, and Trader Joe's product packaging images on the Website and any associated websites, mobile applications, or social media pages.

You must confirm your compliance with these demands in writing by no later than **December 31, 2022**. Otherwise, Trader Joe's will not hesitate to file the attached Complaint and take all measures necessary to protect its valuable intellectual property rights.

Please contact the undersigned if you have any question or wish to discuss the matter further. If you are represented by counsel in connection to this matter, please identify that counsel.

Nothing in this letter is intended or shall be construed to constitute an express or implied waiver of any rights or remedies that Trader Joe's may possess in connection with this matter, all of which are hereby expressly reserved. In addition, this letter is not intended to be a complete recitation of the facts upon which this matter is based.

Sincerely,

*/s/ David R. Eberhart*
David R. Eberhart
of O'MELVENY & MYERS LLP

Enclosure

2

1    DAVID R. EBERHART (S.B. #195474)
     deberhart@omm.com
2    O'MELVENY & MYERS LLP
     Two Embarcadero Center
3    28th Floor
     San Francisco, California 94111-3823
4    Telephone:    +1 415 984 8700
     Facsimile:     +1 415 984 8701
5
     SCOTT W. PINK (S.B. #122383)
6    spink@omm.com
     2765 Sand Hill Road
7    Menlo Park, California 94025-7019
     Telephone:    +1 650 473 2600
8    Facsimile:     +1 650 473 2601

9    Attorneys for Plaintiff
     TRADER JOE'S COMPANY
10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12
     TRADER JOE'S COMPANY, a California      Case No. _____
13   corporation,
                                             COMPLAINT FOR
14                  Plaintiff,
                                             1.  **FEDERAL UNFAIR COMPETITION**
15        v.                                     (15 U.S.C. § 1125(a))
                                             2.  **FEDERAL TRADEMARK**
16   DESERTCART TRADING FZE, a United            **INFRINGEMENT**
     Arab Emirates company, PIFFERT INC., a      (15 U.S.C. § 1114)
17   Delaware corporation, and DOES 1-5,    3.  **FEDERAL TRADEMARK DILUTION**
                                                 (15 U.S.C. § 1125(c))
18                  Defendants.              4.  **COPYRIGHT INFRINGEMENT** (17
                                                 U.S.C. § 501)
19                                           5.  **CALIFORNIA COMMON-LAW**
                                                 **TRADEMARK INFRINGEMENT AND**
20                                               **UNFAIR COMPETITION**

21
                                             **JURY TRIAL DEMAND**
22

23        Plaintiff Trader Joe's Company ("Trader Joe's" or "Plaintiff"), brings this Complaint

24   against DesertCart Trading FZE ("DesertCart") and Piffert Inc. ("Piffert") (collectively, "the

25   DesertCart Defendants" or "Defendants").

26                              **INTRODUCTION**

27        1.      Trader Joe's is, and always has been, a neighborhood brick-and-mortar grocery

28   store. It offers customers an enjoyable shopping experience complete with friendly employees

                                                                              COMPLAINT

(known as Crew Members) and a selection of high-quality, well-priced products. Trader Joe's focus on providing a fulfilling in-store atmosphere has driven its tremendous success as a leading grocery retailer and attracted its loyal, dedicated customer base.

2.     In line with its focus on quality and the consumer experience, Trader Joe's takes pains to keep the purchase of its products within the Trader Joe's environment. Believing that "the store is the brand," Trader Joe's does not sell its products online or via third-party websites. Nor does it offer glitzy online promotions, special deals, or couponing. And Trader Joe's does not offer deliveries or curbside pickup of its products, or authorize any third-party organization to facilitate deliveries of Trader Joe's products. This practice is well-known and discussed on Trader Joe's website.[1]

3.     The DesertCart Defendants operate a website, https://www.desertcart.us/ (the "Website"),  that offers a wide range of consumer goods for sale. In blatant disregard for Trader Joe's values, and without Trader Joe's authorization, the DesertCart Defendants offer hundreds of Trader Joe's products for sale and delivery and promote those products on the Website using Trader Joe's trademarks and copyrights.

4.     The DesertCart Defendants thereby rely on Trader Joe's trademarks, copyrighted product images and artwork, commercial goodwill, and customer loyalty to boost its own user base, wrongfully reaping profits from the over 50 years of work Trader Joe's has invested in its products and its brand. These acts are unlawful and must stop.

5.     Trader Joe's has contacted the DesertCart Defendants to demand that they stop using Trader Joe's intellectual property and making unauthorized sales of Trader Joe's products. The DesertCart Defendants have not even responded to Trader Joe's demands. Instead, the DesertCart Defendants brazenly continue to promote and sell Trader Joe's products.

6.     In light of the DesertCart Defendants' continued violations of Trader Joe's intellectual property rights in the face of Trader Joe's repeated requests to stop, and the potential

---

[1] *See* Trader Joe's, General FAQs (available at https://www.traderjoes.com/home/FAQ/general-faqs).

for significant reputational harm as a result of that conduct, injunctive relief is necessary to remedy the harm to Trader Joe's and prevent further infringement of Trader Joe's rights.

**JURISDICTION AND VENUE**

7.     This Court has original jurisdiction over this action under the trademark laws of the United States 15 U.S.C. §§ 1051 *et seq*. and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Trader Joe's related claims for relief under state laws pursuant to 28 U.S.C. § 1367(a).

8.     Venue is proper under 28 U.S.C. § 1391 because this District is where a substantial part of the events or omission giving rise to the claim occurred, in that Defendant DesertCart markets and sells Trader Joe's products to residents of California.[2] Venue is also proper because DesertCart is subject to personal jurisdiction in this district based on its purposefully advertising and selling products to consumers in the United States.

**PARTIES**

9.     Plaintiff Trader Joe's Company is a corporation organized under the laws of the state of California with its principal place of business at 800 S. Shamrock Avenue, Monrovia, California 91016.

10.     On information and belief, DesertCart Trading FZE is an entity based in the United Arab Emirates. The domain name of the Website is registered to Rahul Swaminathan of DesertCart Trading FZE, located at RAK Business Center, Ras as Khaimah in the United Arab Emirates 330467.  In the event that DesertCart is not a legal entity and/or the true operator of the Website, Trader Joe's will amend the complaint to substitute the name(s) of the proper defendants in place of the Doe defendants named above. Trader Joe's is not currently aware of the true names of the defendants sued herein as Does 1-5.

11.     On information and belief, Piffert operates DesertCart's U.S. distribution facilities in Delaware and New Hampshire. Piffert was incorporated in Delaware in 2014, the same year DesertCart was founded. Piffert's principal office space is located at 1 Industrial Park Drive, Unit

---

[2] https://www.desertcart.us/search/trader%20joe's ("desertcart ships the Trader Joes in New York, Los Angeles, Chicago, Miami, Dallas and more cities in United States Of America.").

1    9 in Pelham, New Hampshire, the site of an industrial warehouse. Piffert's registered business

2    purpose is "packaging and shipping." Rahul Swaminathan, president and CEO of DesertCart, is

3    also president and director of Piffert.  Piffert's business status in New Hampshire is

4    "administratively suspended." Piffert formerly had as its registered agent Business Filings

5    Incorporated at 2 ½ Beacon Street, Concord, NH 03301.

6                              **FACTUAL BACKGROUND**

7                              **The Trader Joe's Story**

8         12.    Trader Joe's is a national chain of neighborhood grocery stores that has become

9    famous for its unique shopping experience and exciting, yet affordable product selection. Since

10   1967, Trader Joe's stores have stocked Trader Joe's-branded products that feature globally

11   inspired flavors, high quality, and excellent value, and are not available anywhere else. Their

12   Crew Members are knowledgeable and friendly. The stores encourage face-to-face interaction;

13   self check-out is not available, nor is "click-and-collect" curbside service. The staff of

14   knowledgeable, friendly Crew Members and the frequently updated product selection transform

15   grocery shopping from a chore into an exciting experience full of new discoveries each visit.

16        13.    Although it is a national chain, Trader Joe's maintains a neighborhood feel by

17   ensuring its stores' structure, design, and Crew Members uniquely reflect their locations, and by

18   donating hundreds of millions of dollars of food products to its communities each year.

19        14.    Trader Joe's promotes its products through carefully curated channels.  It produces

20   a newsletter, "The Fearless Flyer," which is distributed at Trader Joe's stores and emailed to more

21   than 700,000 customers throughout the United States. Trader Joe's also advertises on its podcast,

22   various social media platforms, and on its website, www.traderjoes.com. The Trader Joe's

23   website receives over 3.4 million visitors monthly even though customers cannot place orders

24   there, a testament to the popularity of its brand. The website offers information about Trader Joe's

25   products, stores, and its commitment to the community.

26        15.    Trader Joe's does not have price-reduction sales events, it does not offer coupons,

27   and it does not provide loyalty programs or membership cards for its customers. Nor does Trader

28   Joe's conduct extensive marketing and advertising campaigns for its products like manufacturers

of branded food products do. Instead, Trader Joe's relies heavily on the quality of its products and shopping experience to create loyal customers, who in turn promote its products via word-of-mouth. Trader Joe's can rely on word of mouth because it has worked tirelessly and methodically to ensure that its customers closely associate Trader Joe's and its TRADER JOE'S marks with both innovative, high-quality products at the best prices and with the rewarding, eventful, and fun shopping experience inside Trader Joe's stores.

16. The Trader Joe's ethos and customer-centered experience has helped Trader Joe's expand from just a handful of stores in Southern California to over 500 neighborhood grocery stores in forty-two states and the District of Columbia. Critical to Trader Joe's success is its carefully cultivated reputation and attention to the details of each product it sells.

**Trader Joe's Intellectual Property Rights**

17. For more than fifty years, Trader Joe's has offered grocery services under the mark TRADER JOE'S at its retail grocery stores. Each Trader Joe's grocery store is owned and operated by Trader Joe's; Trader Joe's does not franchise or license the mark TRADER JOE'S to others to use to offer retail grocery services in the United States. Trader Joe's does not permit the sale of Trader Joe's products outside of Trader Joe's stores, whether in another retail establishment or online, nor does it permit the use of any of its marks on any goods other than those sold by Trader Joe's.

18. The United States Patent and Trademark Office ("USPTO") has granted Trader Joe's numerous trademark registrations in the typed word mark TRADER JOE'S, the stylized word mark TRADER JOE'S, and the TRADER JOE'S (and design) logo, including as shown below:

| Mark | Registration Number |
|---|---|
| TRADER JOE'S | 1,420,628 (the "'628 Mark") |
| **TRADER JOE'S** | 4,001,533 |

|  | 5,221,626 |
|---|---|

19. Trader Joe's primarily uses a single mark—TRADER JOE'S—to identify not only its retail grocery stores and services but also the majority of the goods it sells at its retail stores. These goods include, among many others, TRADER JOE'S Creamy Salted Peanut Butter; TRADER JOE'S Chicken Breast Tenderloins; and TRADER JOE'S Organic Ketchup.

20. Certain Trader Joe's products are so popular that their product names alone distinguish them from other products and identify them as produced by Trader Joe's. These include, among others, Trader Joe's "Everything But the Bagel" seasoning, "Everything and the Elote" seasoning, "Powerberries" fruit snacks, and Trader Joe's "Speculoos Cookie Butter" spread. Trader Joe's has obtained U.S. Trademark Registrations for EVERYTHING BUT THE BAGEL (Registration No. 5,6427,68), POWERBERRIES (Registration No. 3,831,549), and TRADER JOE'S SPECULOOS COOKIE BUTTER (Registration No. 5,258,662).

21. Trader Joe's owns extensive common law trademark rights in the unregistered product names, packaging designs, and trade dress for the products sold in its stores.

22. Trader Joe's also owns copyrights in the artwork on Trader Joe's product labels, and the product images and product descriptions displayed on Trader Joe's website.

23. Products bearing the TRADER JOE'S mark and Trader Joe's trademarked product names are authorized for sale only at Trader Joe's retail grocery stores, and Trader Joe's takes pains to ensure that its trademarked products are in fact sold exclusively in Trader Joe's retail stores.

24.     As a result of Trader Joe's tremendous success, the TRADER JOE'S trademarks and trade dress have come to symbolize extraordinary goodwill and have achieved great fame both within and outside the United States.

25.     The fame and popularity of the TRADER JOE'S trademarks and trade dress have generated very strong customer demand for other TRADER JOE'S-branded products and services and immediate brand recognition of the TRADER JOE'S trademarks and Trader Joe's.

**DesertCart's Platform and Unlawful Activities**

26.     DesertCart is an online retailer that claims to offer over one hundred million consumer products for sale online from retailers around the globe. DesertCart was founded in 2014 by Nihal Taj and Rahul Swaminathan. DesertCart is now one of the world's largest e-commerce shopping portals, serving clients in at least 164 different countries.[3] Swaminathan, CEO and President of both DesertCart and Piffert, said that DesertCart's goal was to achieve over 50 million customers by the end of 2022.[4] DesertCart specializes in shipping products from the United States, United Kingdom, and India, among other locations.[5]

27.     The Website purports to sell a remarkably wide range of consumer products including food products, furniture, electronics, gym equipment, clothing, baby toys, sports, beauty, and almost everything in between. To support its goal of being a "one stop shop to find anything," DesertCart represents that it has distribution centers in Delaware and New Hampshire, as well as in the United Kingdom and India.[6] On information and belief, Piffert distributes DesertCart goods in the United States. DesertCart advertises that it offers shipping to "New York, Los Angeles, Chicago, Miami, Dallas and more cities in United States of America," as well as other destinations around the world.

---

[3] https://www.prlog.org/12922408-cross-border-commerce-opportunities-with-desertcart-in-the-uae.html
[4] https://www.prlog.org/12922408-cross-border-commerce-opportunities-with-desertcart-in-the-uae.html
[5] https://www.arabianbusiness.com/industries/retail/452758-uae-e-commerce-retailer-sees-crazy-boost-from-lockdowns-curfews
[6] https://www.desertcart.us/support/about

COMPLAINT

28.     The Website specifically targets consumers based on the United States. For example, when a U.S.-based user navigates to DesertCart.ae, the location for DesertCart's UAE store, the user is prompted to "visit the store for UNITED STATES" as shown below.



desertcart.ae

29.     Among its many categories of goods, the DesertCart Defendants advertise, sell, and distribute hundreds of Trader Joe's products for sale. These products bear the TRADER JOE'S mark and trademarked product names, and in some instances are accompanied by Trader Joe's copyrighted product descriptions. DesertCart sells, among other products, Trader Joe's

"Everything But the Bagel" seasoning, "Everything and the Elote" seasoning, "Powerberries" fruit snacks, and Trader Joe's "Speculoos Cookie Butter" spread.

30.     In advertising those products, DesertCart copies certain Trader Joe's product descriptions verbatim on the DesertCart product pages, increasing the likelihood of confusion. For example, the Website displays the EVERYTHING BUT THE BAGEL mark to advertise Trader Joe's Everything But the Bagel Sesame Seasoning Blend and describes the product as follows: "This simple (yet exemplary) blend of sesame seeds (white and black), poppy seeds, dried garlic & onion, and sea salt flakes is all you need for bringing that crunchy, roasted, savory flavor to grilled chicken, buttered popcorn, baked potatoes, creamy dips, pizza dough, salad dressings, pasta, mac & cheese, or panko-breaded anything"—exactly the text on Trader Joe's website.

31.     The DesertCart Defendants never sought or received Trader Joe's authorization to sell and deliver Trader Joe's products. Indeed, Trader Joe's has repeatedly requested that the DesertCart Defendants stop their infringing activities, to no avail.

32.     The DesertCart Defendant's unauthorized resale of Trader Joe's products – including frozen and other perishable items – is conducted outside the scope of Trader Joe's stringent quality-control measures and its established product recall practices.

33.     Defendants' grocery delivery services pose a special risk of quality control issues because, according to the Website, DesertCart ships Trader Joe's products *from* the United Kingdom, India, and the United Arab Emirates *to* the United States. No Trader Joe's stores exist outside the United States. Therefore, the Trader Joe's products must have been transported to the United Kingdom, India, or the United Arab Emirates from the United States before being shipped back to customers in the United States. On information and belief, the quality of Trader Joe's products is diminished by shipping them for such long distances and durations. These shipping practices increase the likelihood that delicate food products like cookies and crackers are crushed or damaged, and prolongs the periods during which products are not stored at the optimal temperature before delivery and consumption.

34.     DesertCart represents that it "buys Trader Joes directly from the authorised agents and verifies the authenticity of the products." But this is false, because Trader Joe's has not authorized any agents to sell its products to third parties. DesertCart also states, "We have a dedicated team who specialise in quality control delivery," but this representation is suspect too: according to the Website, the DesertCart Defendants are shipping Trader Joe's products across the world and back before they reach consumers. Based on its shipping and handling practices, the DesertCart Defendants cannot meet Trader Joe's high quality standards for Trader Joe's products.

35.     Many of the Trader Joe's products on the Website are marked up to astronomical prices—some **over 10x** the price in Trader Joe's stores even before shipping and fees, as shown in the comparison below:



| https://www.desertcart.us/cart, last visited 9/30/2022 | Traderjoes.com, last visited 9/30/2022 |

36.     As a result of the DesertCart Defendants' pricing, consumers are likely to begin associating Trader Joe's with higher prices, diminishing Trader Joe's positive association with affordable, high-value products.

37.     The DesertCart Defendants market their services in such a way as to confuse consumers into thinking that its services are associated with, sponsored by, or approved by Trader

Joe's, when they are not. For example, copying Trader Joe's product descriptions falsely suggests that Trader Joe's placed its products on the Website or approved their placement on the website. The DesertCart Defendants also falsely connote association or sponsorship by falsely representing that DesertCart "buys Trader Joes directly from the authorised agents."

38.    The DesertCart Defendants' conduct in marketing, selling, and delivering Trader Joe's products  has all been without the authorization of Trader Joe's.

39.    As a result of the DesertCart Defendants' activities, there is a likelihood that consumers will be confused that Trader Joe's is associated, connected, or affiliated with the DesertCart Defendants, or that Trader Joe's sponsored or approved the DesertCart Defendants' goods or services.

**Trader Joe's Has Repeatedly Demanded That DesertCart Cease And Desist Its Unlawful Activities**

40.    On July 18, 2022, Trader Joe's sent correspondence to DesertCart to the attention of DesertCart's and Piffert's CEO and President Swaminathan demanding that DesertCart cease and desist its unlawful use of the TRADER JOE'S trademarks and re-sale of Trader Joe's products. Trader Joe's transmitted that correspondence to the email address listed on the Website, support@DesertCart.com. DesertCart did not respond.

41.    On August 22, 2022, Trader Joe's sent further correspondence to Mr. Swaminathan reiterating its demands. Again, Trader Joe's received no response.

42.    To date, the DesertCart Defendants have not responded to Trader Joe's repeated demands that DesertCart stop its business practices that are likely to confuse customers in violation of Trader Joe's rights.

43.    The DesertCart Defendants' use of Trader Joe's registered trademarks and the unregistered elements of the TRADER JOE'S trademarks packaging has been intentional, willful, and malicious. The DesertCart Defendants' bad faith has been evidenced at least by their unlawful use of Trader Joe's trademarks and/or colorable imitations thereof, with knowledge of Trader Joe's trademark rights and with the intent of benefitting from Trader Joe's commercial

COMPLAINT

goodwill. It is also evidenced by the representation on the Website that they bought Trader Joe's products "directly from the authorised agents," knowing that representation to be false.

44.    As of the filing of this lawsuit, the DesertCart Defendants have yet to cease and desist their unlawful activities.

45.    The DesertCart Defendants' aforesaid acts of have caused and, unless said acts are restrained by this Court, will continue to cause Trader Joe's to suffer irreparable injury.

46.    Trader Joe's has no adequate remedy at law and is therefore entitled to injunctive relief.

**FIRST CAUSE OF ACTION – UNFAIR COMPETITION, FALSE ENDORSEMENT AND FALSE DESIGNATION OF ORIGIN**
**(Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

47.    Trader Joe's incorporates all of the above paragraphs as though fully set forth herein.

48.    Trader Joe's owns the TRADER JOE'S trademarks, as described above. Consumers of grocery products recognize the TRADER JOE'S trademarks as designating Trader Joe's as the source of goods. At all relevant times, the DesertCart Defendants had actual and/or statutory notice of Trader Joe's registrations of the trademarks.

49.    The DesertCart Defendants use in commerce one or more of the TRADER JOE'S trademarks in connection with advertising and re-selling Trader Joe's products on the Website. The DesertCart Defendants also use in commerce Trader Joe's trademarks in product names, including, without limitation, EVERYTHING BUT THE BAGEL (Registration No. 5,6427,68), EVERYTHING AND THE ELOTE, POWERBERRIES (Registration No. 3,831,549), and TRADER JOE'S SPECULOOS COOKIE BUTTER (Registration No. 5,258,662).

50.    The DesertCart Defendants' use of Trader Joe's registered and unregistered trademarks that are owned by and/or publicly associated with Trader Joe's is likely to cause confusion, mistake, or to deceive consumers into believing that the DesertCart Defendants' goods and services are sponsored, endorsed or approved by Trader Joe's, are subject to Trader Joe's quality control measures, or are otherwise associated with Trader Joe's.

51.     The DesertCart Defendants' aforesaid acts constitute false endorsement, false designation of origin, and/or unfair competition in violation of 15 U.S.C. § 1125(a). The DesertCart Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of the public and members of the trade, and, additionally, injury to Trader Joe's goodwill and reputation as symbolized by its use of the trademarks.

52.     As a direct and proximate result of the DesertCart Defendants' foregoing acts, Trader Joe's has been damaged and has suffered and will continue to suffer immediate and irreparable injury. Trader Joe's is informed and believes that unless said conduct is enjoined by this Court, The DesertCart Defendants will continue and expand those activities to the continued and irreparable injury of Trader Joe's. This injury includes a reduction in the distinctiveness of Trader Joe's trademarks and injury to Trader Joe's goodwill that damages cannot remedy. Trader Joe's has no adequate remedy at law.

53.     Trader Joe's is entitled to a permanent injunction pursuant to 15 U.S.C. § 1116, restraining and enjoining the DesertCart Defendants and their agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the TRADER JOE'S trademarks or any colorable imitations thereof.

## SECOND CAUSE OF ACTION - FEDERAL TRADEMARK INFRINGEMENT
### (Lanham Act § 32(1), 15 U.S.C. § 1114(1))

54.     Trader Joe's incorporates all of the above paragraphs as though fully set forth herein.

55.     The DesertCart Defendants have used in commerce in the United States copies, variations, reproductions, simulations or colorable imitations of Trader Joe's federally-registered TRADER JOE'S trademarks in connection with the advertisement, promotion, offer to sell, sale, distribution, manufacture, and/or importing of Trader Joe's products, without Trader Joe's authorization, and in connection with the same goods described in Trader Joe's federal registrations for those marks.

COMPLAINT

56.     The DesertCart Defendants' unauthorized use of such marks infringes Trader Joe's exclusive rights in such marks and creates a likelihood of confusion on the part of consumers, including by creating the perception that the DesertCart Defendants' goods and services are sponsored, endorsed or approved by Trader Joe's, are subject to Trader Joe's quality control measures, or are otherwise associated with Trader Joe's.

57.     The DesertCart Defendants' aforesaid acts, namely, the unauthorized and willful use of copies, variations, reproductions, simulations or colorable imitations of Trader Joe's registered mark in connection with the DesertCart Defendants' services constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

58.     As a direct and proximate result of the DesertCart Defendants' foregoing acts, Trader Joe's has been damaged and has suffered and will continue to suffer immediate and irreparable injury. Trader Joe's is informed and believes that unless said conduct is enjoined by this Court, the DesertCart Defendants will continue and expand those activities to the continued and irreparable injury of Trader Joe's. This injury includes a reduction in the distinctiveness of Trader Joe's trademarks and injury to Trader Joe's goodwill that damages cannot remedy. Trader Joe's has no adequate remedy at law.

59.     Trader Joe's is entitled to a permanent injunction pursuant to 15 U.S.C. § 1116, restraining and enjoining the DesertCart Defendants and their agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the TRADER JOE'S trademarks or any colorable imitations thereof.

## THIRD CAUSE OF ACTION – FEDERAL TRADEMARK DILUTION
### (Lanham Act § 43(c)(2)(C); 15 U.S.C. § 1125(c)(2)(C))

60.     Trader Joe's incorporates all of the above paragraphs as though fully set forth herein.

61.     The DesertCart Defendants are making use in commerce of the TRADER JOE'S mark on the Website. The TRADER JOE'S trademark achieved fame before DesertCart began to make use of it in commerce.

62.     On information and belief, the DesertCart Defendants have inadequate quality control measures in place to ensure that Trader Joe's products are delivered fresh and unspoiled, threatening to diminish Trader Joe's reputation for selling food products of the highest quality. The DesertCart Defendants also list Trader Joe's products on the Website at a significant price premium above that which consumers pay in Trader Joe's stores, diminishing Trader Joe's association with affordable, high-value products.

63.     The DesertCart Defendants' use of the famous TRADER JOE'S trademark thereby erodes the public's positive association with the mark, tarnishing Trader Joe's reputation and reducing the immense value of its trademark rights.

64.     As a direct and proximate result of the DesertCart Defendants' foregoing acts, Trader Joe's has been damaged and has suffered and will continue to suffer immediate and irreparable injury. Trader Joe's is informed and believes that unless said conduct is enjoined by this Court, the DesertCart Defendants will continue and expand those activities to the continued and irreparable injury of Trader Joe's. This injury includes a reduction in the goodwill associated with the TRADER JOE'S mark that damages cannot remedy. Trader Joe's has no adequate remedy at law.

65.     Trader Joe's is entitled to a permanent injunction pursuant to 15 U.S.C. § 1116, restraining and enjoining the DesertCart Defendants and their agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the TRADER JOE'S mark or any colorable imitations thereof.

**FOURTH CAUSE OF ACTION – COPYRIGHT INFRINGEMENT**

**(17 U.S.C. § 101 et seq.)**

66.     Trader Joe's incorporates all of the above paragraphs as though fully set forth herein.

67.     Trader Joe's product images, product descriptions, and artwork displayed on its website and on Trader Joe's products embody substantial originality and creative expression, and therefore contain copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et seq. Trader Joe's is the exclusive owner of all rights in these

COMPLAINT

copyrighted works because the product images, product descriptions, and artworks were authored by Trader Joe's, or were prepared exclusively for Trader Joe's as works for hire pursuant to 17 U.S.C. § 101.

68.     Through the actions described herein, the DesertCart Defendants have infringed and will continue to infringe Trader Joe's copyrights in its product images, product descriptions, and product artwork by, at least, reproducing these copyrighted works on the Website.

69.     The DesertCart Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of Trader Joe's rights in the copyrighted works, and that conduct has enabled the DesertCart Defendants to profit illegally from its infringement.

70.     Trader Joe's is entitled to an injunction restraining the DesertCart Defendants, their officers, agents, employees, assigns, and all persons acting in concert with them from engaging in further infringement of Trader Joe's copyrights.

71.     Trader Joe's is entitled to recover from the DesertCart Defendants the damages it has sustained and will sustain as a result of the DesertCart Defendants' wrongful acts as alleged herein. Trader Joe's is further entitled to recover from the DesertCart Defendants the gains, profits, and advantages it has obtained as a result of the DesertCart Defendants' wrongful acts. The full extent of Trader Joe's damages and the gains, profits, and advantages the DesertCart Defendants have obtained by reason of their aforesaid acts of copyright infringement cannot be determined at this time, but will be proven at trial. Further, Trader Joe's is entitled to recover costs and reasonable attorneys' fees from the DesertCart Defendants as a result of the wrongful acts alleged herein.

## FIFTH CAUSE OF ACTION - CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

72.     Trader Joe's incorporates all of the above paragraphs as though fully set forth herein.

73.     Trader Joe's owns all rights, title, and interest in and to the distinctive and famous TRADER JOE'S trademarks by virtue of its good-faith, extensive manufacture, sale, and advertisement of various goods and services sold under the TRADER JOE'S trademarks.

74.    The DesertCart Defendants incorporate matter that constitute replicas and imitations of Trader Joe's trademarks on the Website.

75.    Such unauthorized use by the DesertCart Defendants is likely to cause confusion among Trader Joe's customers, and to cause the public to believe Trader Joe's sponsors, endorses, or is otherwise connected to or affiliated with the DesertCart Defendants when no such relationship exists.

76.    By such actions infringing Trader Joe's trademarks, the DesertCart Defendants are improperly trading upon Trader Joe's reputation and goodwill and are impairing Trader Joe's valuable rights in and to such trademarks.

77.    The DesertCart Defendants have acted with full faith and knowledge of Trader Joe's use of and statutory and common law rights to the TRADER JOE'S trademarks, and has done so without regard for the likelihood of consumer confusion created by the DesertCart Defendants' activities.

78.    As a proximate result of the DesertCart Defendants' actions, Trader Joe's has suffered and will continue to suffer great and irreparable injury and damage to its business and goodwill, including a reduction in the distinctiveness of Trader Joe's trademarks. Unless the DesertCart Defendants are restrained and enjoined from engaging in said unlawful conduct, the DesertCart Defendants will continue to engage in the same, causing further great and irreparable injury and harm. The balance of equities and public interest both favor enjoining the DesertCart Defendants' wrongful conduct. Accordingly, Trader Joe's is entitled to preliminary and permanent injunctive relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Trader Joe's respectfully requests the following relief:

1.    That the DesertCart Defendants, their agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participating with any of them be immediately and permanently enjoined from:

(a)    using any TRADER JOE'S trade dress or trademarks, any copyright in Trader Joe's product images, product descriptions, or artwork, or any other

COMPLAINT

1    copy, reproduction, colorable imitation, or simulation thereof on or in

2    connection with DesertCart's goods or services;

3    (b)    directly or indirectly infringing Trader Joe's trademarks or copyrights in

4    any manner including, but not limited to, advertising, selling, and/or

5    offering for sale any goods or services bearing any confusingly similar

6    imitations of any TRADER JOE'S trademarks, including product names,

7    or using any works derived or copied from Trader Joe's copyrights;

8    (c)    promoting or facilitating any services in any manner that is likely to

9    confuse, mislead, or deceive members of the public into believing that the

10    DesertCart Defendants, or any of their agents, products, or services are

11    associated with Trader Joe's, are sponsored, approved, or licensed by

12    Trader Joe's, or are in any other way connected or affiliated with Trader

13    Joe's;

14    (d)    facilitating the sale or delivery of Trader Joe's products without Trader

15    Joe's express authorization;

16    (e)    effecting assignments or transfers, forming new entities or associations or

17    utilizing any other means or device for the purpose of circumventing or

18    otherwise avoiding prohibitions set forth in subparagraphs (a) through (d).

19    2.    Judgment in Trader Joe's favor and against the DesertCart Defendants on all

20    causes of action alleged herein;

21    3.    Damages in an amount to be further proven at trial;

22    4.    Statutory damages;

23    5.    Punitive damages;

24    6.    Restitution;

25    7.    Costs of suit incurred herein;

26    8.    Prejudgment interest;

27    9.    Attorneys' fees and costs; and

28    10.    Such other and further relief as the Court may deem to be just and proper

COMPLAINT

1

## **JURY DEMAND**

2   Trader Joe's demands a jury trial for all issues so triable.

3

4

5   Dated: December 16, 2022

6             DAVID R. EBERHART
               SCOTT W. PINK
7             O'MELVENY & MYERS LLP

8

9             By: _____
10                 David R. Eberhart

11             Attorneys for Plaintiff
             TRADER JOE'S COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28