IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRADER JOE'S COMPANY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DESERTCART TRADING FZE, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-01148-CRB<br><br>**ORDER GRANTING EX PARTE MOTION FOR SERVICE OF PROCESS BY ALTERNATIVE MEANS** |

Plaintiff Trader Joe's Company ("TJC") moves ex parte for an order permitting alternative service of the summons and complaint on Defendant Desertcart Trading FZE ("Desertcart") by email. Mot. (dkt. 15). As explained below, finding this matter suitable for resolution without oral argument, the Court GRANTS TJC's motion. TJC shall effect service of process on DesertCart by email to support@desertcart.com and legal@desertcart.com by **June 16, 2023**.

**I.    BACKGROUND**

TJC sues DesertCart and Piffert Inc.[1] for unfair competition and trademark infringement. See Compl. (dkt. 1). DesertCart is an entity based in the United Arab Emirates. Id. ¶ 10. Its website does not provide an address, though the domain name is registered to Rahul Swaminathan at an address in the UAE. Id.; Eberhart Decl. (dkt. 15-1) ¶ 6. The website directs website users to contact the website via email at support@desertcart.com, via phone, or by chat. Eberhart Decl. Ex. B. Between July 2022

---

[1] TJC successfully served Piffert Inc. on March 17, 2023. See dkt. 8. Though TJC's counsel has requested contact information for DesertCart from Piffert, Piffert has refused to provide that information. Pink Decl. (dkt. 15-15) ¶¶ 3–4.

and December 2022, TJC sent three cease-and-desist letters to support@desertcart.com. Id. ¶¶ 8–9; Ex. D. After the third email, DesertCart responded: "We'd like to help you further, please send an email to our legal department for any legitimate legal claims to our legal department at legal@desertcart.com." Id. ¶ 10, Ex. D. TJC then sent the letter to legal@desertcart.com twice, receiving no response. Id. ¶¶ 11–12, Ex. D.

After filing the complaint in March 2023, TJC made many attempts to serve DesertCart by way of its CEO, Rahul Swaminathan. TJC attempted to serve Swaminathan at four addresses indicated by filings or investigation reports to be where Swaminathan lived or worked, and each was unsuccessful. Id. ¶¶ 15–17, Ex. F–K. TJC also hired a private investigator to determine where Swaminathan could be found, but he too was unsuccessful. Id. ¶¶ 18–19, Ex. L–M. Because TJC's deadline to serve Swaminathan is on June 12, 2023, it brings this motion to effect service of process by email, and to extend time to effect service. See Mot.; Fed. R. Civ. P. 4(m).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(h)(2), service of a foreign corporation is governed by Federal Rule of Civil Procedure 4(f). Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002). That rule states:

> Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>     (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
>     (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
>     (C) unless prohibited by the foreign country's law, by

2

            (i) delivering a copy of the summons and of the complaint to the individual personally; or

            (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

      (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). "Under Rule 4(f)(3), courts can order service through a variety of methods, 'including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email,' provided that there is no international agreement directly to the contrary." Juicero, Inc. v. Itaste Co., No. 17-cv-1921-BLF, 2017 WL 3996196, at *2 (N.D. Cal. June 5, 2017) (quoting Rio Props., 284 F.3d at 1016). "[T]he method of service crafted by the district court 'must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Rio Props., 284 F.3d at 1016–17 (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)).

    In addition, "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)"—it "is neither a last resort nor extraordinary relief." Id. at 1015 (internal quotation marks omitted). A party seeking authorization to serve under Rule 4(f)(3) need not show that all feasible service alternatives have been exhausted, but instead, it must "demonstrate that the facts and circumstances of the present case necessitate[] the district court's intervention." Id. at 1016. "[T]he task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" is committed "to the sound discretion of the district court." Id.

### III. DISCUSSION

    The Court finds that TJC has demonstrated that the facts and circumstances of this case warrant an order allowing service by email.

    First, alternative service is not prohibited by international agreement. TJC understands that DesertCart is based in the United Arab Emirates. See Compl. ¶ 10. UAE is not a signatory to the Hague Convention or any other international agreement with the

3

United States regarding service of process, and the Court is not aware of any other international agreement prohibiting service by email to a UAE corporation. See Facebook, Inc. v. Trabi, No. 20-CV-07348-SK, 2021 WL 4942678, at *1 (N.D. Cal. May 3, 2021); CKR L. LLP v. Anderson Invs. Int'l, LLC, 525 F. Supp. 3d 518, 524 (S.D.N.Y. 2021). Accordingly, because there is no prohibition of service by alternative means, the first requirement under Rule 4(f) is met.

Second, TJC has demonstrated that email is reasonably calculated to give notice to DesertCart. Critically, the parties have communicated via these email addresses before: After TJC sent its cease-and-desist letter to DesertCart by way of its support@desertcart.com address, DesertCart responded by requesting that TJC send its claims to DesertCart's legal@desertcart.com email address. See Eberhart Decl. ¶ 10, Ex. D; Trabi, 2021 WL 4942678, at *2; Facebook, Inc. v. Sahinturk, No. 20-CV-08153-JSC, 2021 WL 4295309, at *2 (N.D. Cal. Sept. 21, 2021). Additionally, TJC has sent two emails to each of these addresses and received no indication that they bounced or were otherwise not delivered. Eberhart Decl. ¶ 13; Trabi, 2021 WL 4942678, at *2. And while TJC need not show that service by email is a "last resort," Rio Props., 284 F.3d at 1015, its attempted service of Swaminathan at four addresses "demonstrate[s] that the facts and circumstances of the . . . case necessitate[] the . . . court's intervention." Id. at 1016; see also, e.g., Facebook, Inc. v. Banana Ads, LLC, No. C-11-3619 YGR, 2012 WL 1038752, at *2 (N.D. Cal. Mar. 27, 2012).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS TJC's motion. TJC shall effect service of process on DesertCart by email to support@desertcart.com and legal@desertcart.com by **June 16, 2023**.

**IT IS SO ORDERED.**

Dated: June 12, 2023

CHARLES R. BREYER
United States District Judge

4